FILED
AUG. 29 2024
CLERKS OFFICE
CIVIL DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

CASE NO.: 2024-08026          DIVISION " J "  SECTION 15

JURY

**GAYLE HEARD, JAMIE WHITE, FOREST MARTIN and others similarly situated**

**VERSUS**

**KRAUSE AND KINSMAN TRIAL LAWYERS, LLC**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**PETITION FOR DAMAGES AND REQUEST FOR CLASS ACTION STATUS**</u>

NOW INTO COURT, through undersigned counsel come Plaintiffs, **GAYLE HEARD,**

**JAMIE WHITE, FOREST MARTIN** individually and on behalf of any and all others similarly

situated, who allege and aver as follows[1]:

**I.     PARTIES**

Made "Plaintiffs" and proposed Class Representatives herein are:

A.  Gayle Heard is a person of the full age of majority and resident of Louisiana.

B.  Robby Warner is a person of the full age of majority and a resident of Louisiana.

C.  Shereka Devall is a person of the full age of majority and a resident of Louisiana.

Made "Defendant" herein is:

A.  Krause and Kinsman Trial Lawyers, LLC, (hereinafter "Defendant," or "Krause and

Kinsman") a law firm domiciled in the state of Missouri, with its principal place of

business located in the State of Missouri. Defendant can be served via its registered

agent, Incorp Services Inc. at 2847 S. Ingram Mill Road, Suite A100, Springfield, MO

65804.

CHELSEY RICHARD NAPOLEON
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504 - 407 - 0000

1.  Receipt Date        9/5/2024 2:19:00 PM
    Receipt Number      981097
                        ankston
    Register            CDC Cash Register 1
    Case Number         2024-08026

    Amount Received     $2069.00

    Over Payment        $0.00

2.  Payment/Transaction List
    Check #  4864  $2069.00

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Class Action | $1193.00 | $1193.00 | $0.00 |
| Fax Fees | $30.00 | $30.00 | $0.00 |
| Judicial College | $0.50 | $0.50 | $0.00 |
| Building Fund Fee | $25.00 | $25.00 | $0.00 |
| Indigent Legal Fee | $10.00 | $10.00 | $0.00 |
| JSC | $30.50 | $30.50 | $0.00 |
| Request for Trial by Jury | $780.00 | $780.00 | $0.00 |

EXHIBIT

A

---

[1] Any reference in this Petition to "Plaintiffs" refers to the named Plaintiffs-Class Representatives, and any and all Putative Class Members.

VERIFIED
9/5/24

## II.   JURISDICTION AND VENUE

A.  Jurisdiction

3.

This Court has jurisdiction over Defendant via La. R.S. § 13:3201. Jurisdiction is proper as Krause and Kinsman established minimum contacts and engaged in business in Louisiana, such that maintenance of this suit will not offend traditional notions of fair play and substantial justice.

B.  Venue

4.

Pursuant to Louisiana Code of Civil Procedure article 74 and Louisiana Revised Statute 13:5104, venue is proper in the Civil District Court for the Parish of Orleans as a substantial part of the events or omissions giving rise to the claims alleged herein occurred in Orleans Parish.

## III.   STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION AND PLAINTIFFS/CLASS MEMBERS

5.

On or about August 27, 2020, Hurricane Laura swept through Southwest Louisiana as the strongest hurricane to affect Southwest Louisiana in recorded history.

6.

The mandatory evacuation issued by State government officials on August 24, 2020 in anticipation of Hurricane Laura remained in place for more than two months, leaving homes and businesses that were severely damaged by Hurricane Laura neglected and exposed to unrelenting heat and humidity for months.

7.

A little over a month later, on or about October 9, 2020, Hurricane Delta made landfall in Southwest Louisiana, causing extensive additional damage to properties which had already been devastated by Hurricane Laura. In the end, Hurricane Delta was equally catastrophic, particularly in the areas that had just been ravaged by Hurricane Laura only 43 days before, ultimately significantly exacerbating the extensive and catastrophic physical damage that had already been caused by Hurricane Laura.

8.

On October 28, 2020, Hurricane Zeta made landfall as a Category 3 storm, causing catastrophic damage.

9.

On August 29, 2021, Hurricane Ida made landfall in Louisiana and was declared a major disaster in Louisiana by President Joe Biden the same day.

10.

These four storms left many Louisiana communities devastated and caused billions of dollars of property damage. This destruction caused thousands of homeowners to lose their homes or incur significant expenses to repair their homes.

11.

At all relevant times, Class Members owned property which suffered damage from at least one of these hurricanes (Laura, Delta, Zeta and/or Ida).

12.

At all relevant times, Class Members had entered into a contract with an insurance company. The policies provided insurance coverage for property damage caused by at least one hurricane (Laura, Delta, Zeta, and/or Ida).

13.

Class Members had valid claims for loss that needed to be presented to their insurance providers.

14.

Out of this devastation, McClenny, Mosely, & Associates ("MMA") and Defendant contracted with thousands of homeowners to represent them in connection with their respective insurance claims.

15.

MMA and Defendant engaged in wide-ranging advertising and solicitation schemes designed to profit MMA and Defendant, without any regard to the effect this would have on the unsuspecting Class Members.

16.

After the hurricanes hit Louisiana, contracts were created between Class Members and the law firms of MMA and Defendant ("The Contracts").

17.

These Contracts show that MMA entered into a "joint venture" with Defendant.

18.

In each of the Contracts, MMA and Defendant agreed to provide legal representation for any and all claims against Class Members' insurance providers for property damage as a result of at least one hurricane (Laura, Delta, Zeta, and/or Ida). Defendant, specifically, promised to provide a significant percentage of the legal representation, according to the Contracts.

19.

MMA and Defendant retained and utilized various "estimating agencies" for the purpose of inspecting Class Members' property and grossly and blatantly inflating the estimates. These obviously inflated estimates were then sent to Class Members' insurance companies.

20.

Despite the inflated estimates, all Class Members had a valid claim against their insurance providers to recover compensation for the damage to their property caused by either Hurricane Laura, Delta, Zeta, and/or Ida.

21.

Upon information and belief, Defendant did not provide any meaningful legal work for any Class Members.

22.

In the Western District of Louisiana, MMA filed more than 1600 lawsuits in the two to three days prior to the prescriptive deadline for Hurricane Laura.

23.

These filings concerned Judge James Cain who then ordered a hearing with MMA lawyers to go over MMA's activities in the Western District.

24.

During the hearing, various misdeeds were discussed such as: MMA using a "call center" to communicate with clients, MMA's proposal to "mass mediate" dozens of claims, MMA's filing of duplicate lawsuits on behalf of the same property owners, MMA's filing lawsuits naming incorrect insurance carriers, and charging a 40% contingency fee for the above mentioned "work."

25.

Judge Cain then issued an indefinite stay for all cases in the Western District which MMA filed.

26.

At a hearing on December 12, 2022, more misdeeds were uncovered. These included: MMA filing lawsuits in the Western District for individuals who were represented by other attorneys and/or had already settled their claims, MMA filing a case after they had been expressly discharged by the client, MMA filing suits in parishes that were not affected by the respective storm for which they were filing.

27.

In January 2023, MMA's misdeeds came to light in the Eastern District at a hearing in front of Magistrate Judge Michael North.

28.

On March 3, 2023, William Huye, MMA's lead attorney, was temporarily suspended from practicing law in the state of Louisiana. On March 4, 2023, MMA and its attorneys were suspended from practicing in the Western District for 90 days.

29.

After these suspensions, the Louisiana Eastern and Middle District issued stay orders for all pending MMA claims.

30.

In April of 2023, MMA was ordered to inform all individuals with whom they had a contract to provide legal representation, that the Louisiana attorneys associated with McClenny, Moseley & Associates were no longer able to practice law in Louisiana.

31.

With regards to any and all Class Members, Defendant failed to perform any legal work, substantial or nominal, at any time and allowed each Class Member's case to be dismissed, unfiled, and/or prejudiced.

32.

Specifically, upon information and belief, Defendant did not communicate with Class Members nor with Class Members' insurance providers on Class Members' behalf.

33.

Further, McClenny, Moseley, & Associates committed procedural errors that caused Class Members' cases to be dismissed, unfiled, and/or prejudiced.

34.

Defendant did not correct these legal errors and failed to provide any legal work for Class Members from the execution of the Contracts to the present date, despite being a party to the contract receiving a significant portion of the attorney's fees. Significantly, Defendant did not file suit for any Class Members whose suit was yet unfiled, correct any procedural error, submit to any court to obtain pro hac vice status, or contact a Louisiana law firm to assist with these cases, after McClenny, Moseley & Associates was ordered to terminate representation.

## IV. CAUSES OF ACTION

### A. COUNT ONE – BREACH OF CONTRACT

(All Class Members Against Defendant for Breach of Contract)

35.

Plainly set forth herein, Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 34 above.

36.

At all relevant times, Defendant was a party to the Contracts executed, in part, within this judicial district.

37.

According to the Contracts, Defendant was to receive a substantial portion of the attorney's fees.

38.

Upon information and belief, Defendant did not provide any meaningful legal work for any class of Class Members though it promised to do so.

39.

In April of 2023, McClenny, Moseley & Associates was ordered to inform all individuals with whom they had a contract to provide legal representation, that the Louisiana attorneys associated with McClenny, Moseley & Associates were no longer able to practice law in Louisiana.

40.

With regards to any and all Putative Class Members, Defendant failed to perform any legal work, substantial or nominal, at any time and allowed each Class Member's case to be dismissed, unfiled, and/or prejudiced.

41.

Specifically, Defendant did not communicate with Class Members nor with Class Members' insurance providers on Class Members' behalf and delegated its responsibilities to MMA.

42.

Further, McClenny, Moseley, & Associates committed procedural errors that caused Class Members' case to be dismissed, unfiled, and/or prejudiced.

43.

Defendant did not correct these legal errors and failed to provide any legal work for Class Members from the execution of the Contracts to the present date, despite being a party to the contract receiving a significant portion of the attorney's fees. Significantly, Defendant did not file suit for any class members whose suit was yet unfiled, correct any procedural error, submit to any court to obtain pro hac vice status, or contact a Louisiana law firm to assist with these cases, after McClenny, Moseley & Associates was ordered to terminate representation.

## B. COUNT TWO – LEGAL MALPRACTICE

(All Class Members Against Defendant for Legal Malpractice)

44.

Plainly set forth herein, Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 34 above.

45.

At all relevant times, there existed an attorney-client relationship between Class Members and Defendant.

46.

Defendant breached their duty to all Class Members.

47.

Specifically, Defendant failed to timely file a lawsuit or correct any other procedural error against Plaintiffs' insurance providers, causing these cases to be dismissed, unfiled, and/or prejudiced. Specifically, from the date the contract was executed through to the present date, including in or after April of 2023 when McClenny, Moseley, & Associates was ordered to

terminate representation, Defendant failed to perform any legal work on behalf of Class Members, despite their fiduciary duty.

## V. DAMAGES

48.

Plainly set forth herein, Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 34 above.

49.

As a result of the actions and/or inactions of Defendant, Plaintiffs request the following:

A. Any and all damages permitted, described, and contemplated by any and all applicable Louisiana State Statutes.

B. Any and all damages Class Members can prove they would have received from their insurance providers, but for Defendant's actions and/or inactions including statutory penalties.

## VI. JURY DEMAND

50.

Trial by jury is requested on all issues triable by a jury.

## VII. REQUEST FOR CLASS ACTION

51.

**GAYLE HEARD, JAMIE WHITE, and FOREST MARTIN** are representatives of the Class defined as follows:

> All individuals with which Defendant executed a contract for legal representation for Laura, Delta, Zeta, and/or Ida claims, and on whose behalf, Defendant failed to perform any work, including failing to timely file a lawsuit against the individual's insurance provider, and/or correcting any procedural errors made by McClenny, Moseley, & Associates within the prescriptive period.

52.

Plaintiffs reserve the right to amend this class definition upon further information and/or discovery.

53.

**GAYLE HEARD** is representative of this Class based on the following: A Contract was created between Mr. Heard, MMA, and Defendant where Defendant would receive 25% of the attorney's fees. MMA failed to file a lawsuit on Mr. Heard's behalf. In April of 2023, MMA sent Mr. Heard a letter informing him that they were no longer permitted to practice law in Louisiana.

At no point did Defendant file a lawsuit on Mr. Heard's behalf, despite a $164,229.08 discrepancy between an adjuster hired by MMA and State Farm's adjuster, nor did Defendant perform meaningful legal services as required by the Contract.

54.

**JAMIE WHITE** is representative of this Class based on the following: A Contract was created between Mr. White, MMA, and Defendant where Defendant would receive a certain percentage of the attorney's fees. MMA did not file a timely lawsuit.

55.

**FOREST MARTIN** is representative of this Class based on the following: A Contract was created between Mr. Martin, MMA, and Defendant where Defendant would receive a certain percentage of the attorney's fees. MMA did not file a timely lawsuit.

56.

This action is appropriate for determination through Louisiana Code of Civil Procedure arts 591, et seq., for the following reasons:

A. A large number of potential claimants present a level of numerosity better adjudicated through class action procedure as opposed to a mass joinder of individual claims;

B. There are questions of law and/or fact common to the classes including:

  i. All Class Members:

    1. Whether Defendant entered into a contract with Class Members;

    2. Whether Defendant failed to provide any meaningful work on behalf of Class Members;

    3. Whether Defendant caused Class Members' claims to prescribe by failing to correct any and all errors made by McClenny, Moseley, & Associates;

C. The claims of the representative parties are typical of the claims of the classes;

D. The representative parties will fairly and adequately protect the interests of the class;

E. The class may be defined objectively.

F. The common issues of law and fact pertaining to the determination of fault and the liability for damages predominate over any individual issues of quantum, especially as this matter can be bifurcated as to liability and damages determinations;

G. The Class Members are represented by skilled attorneys who are experienced in handling similar cases and who understand they may be expected to handle this action in an expeditious and economical manner to the best interests of all the Class members.

57.

The Class shall consist of all persons who have a signed contract with the law firm McClenny, Mosely, and Associates, and Defendant who can no longer bring a cause of action against their insurer for damage to their property caused by Hurricanes Laura, Delta, Zeta, and Ida, as a result of failures, acts, and/or omissions of Defendant.

58.

These classes will exclude any persons who have a signed contract with McClenny, Mosely, and Associates, and Defendant, who can no longer bring a cause of action against their insurer for damage to their property caused by Hurricanes Laura, Delta, Zeta, and Ida, as a result of their own actions.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs respectfully request that upon final trial of this cause, the Court enter a judgment against Defendant, *in solido*, as follows:

A. Upon the First Claim for Relief, all damages resulting from Defendant breach of contract, including prejudgment interest, costs, expenses, and attorneys' fees;

B. Upon the Second Claim for Relief, all damages resulting from Defendant's legal malpractice, including prejudgment interest, costs, expenses, and attorneys' fees.

**RESPECTFULLY SUBMITTED:**

RAVI SANGISETTY (#30709)
WILLIAM BOYLES (#31632)
AMANDA OLMSTED (#40002)
3914 Canal Street
New Orleans, LA 70119
Telephone: (504) 662-1016
Facsimile: (504) 662-1318
E-mail: rks@sangisettylaw.com
william@sangisettylaw.com
amanda@sangisettylaw.com
**COUNSEL FOR PLAINTIFFS**

Please Serve:
Krause and Kinsman Trial Lawyers, LLC
*Through its registered agent*
Incorp Services Inc.
2847 S. Ingram Mill Road, Suite A100
Springfield, MO 6580